IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY K. JONES                                                           PLAINTIFF

vs.                              Civil No. 4:12-cv-04108

CAROLYN W. COLVIN                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mary K. Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability applications on August 26, 2008.  (Tr. 10, 111-121).

In her applications, Plaintiff claims to be disabled due to "trouble in back, neck, hips, pseudotumor

in head, anxiety, can't use arms or legs like I used to, range of motion, can't bend or stoop."  (Tr.

134).  Specifically, Plaintiff claims these impairments impact her in the following ways:

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

> Back hurts, leg hurts, down my legs, I can't walk good, can't see good, my eyes don't focus (I've got fluid behind my eyes), I have migraine headaches, I can't stand for any period of time at all. I just have to lay down and regroup. I have gained so much weight. I can't get down and exercise. My balance is not good. My feet are swollen and my feet hurt. I can't stand because my hip area gets in real bad pain when I stand up too long. My lower back pulls down. It has a lot of pain when I stand up for any period of time. I have pseudo cerebral tumor. The doctor said I would go blind if I don't lose weight.

*Id.* Plaintiff alleges an onset date of June 30, 2007. (Tr. 10, 111-121). These applications were denied initially and again upon reconsideration. (Tr. 53-56). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 73-90).

Plaintiff's administrative hearing was held on March 28, 2011 in Texarkana, Arkansas. (Tr. 22-52). Plaintiff was present at this hearing and was represented by Greg Giles. *Id.* Plaintiff, Vocational Expert ("VE") Russell Bowden, Medical Expert #1 ("ME1") Charles Murphy, and Medical Expert #2 ("ME2") Alvin Smith testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 27). As for her level of education, Plaintiff testified she had obtained her GED and completed cosmetology school. (Tr. 28).

On April 19, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2007. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 30, 2007, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: morbid obesity and cervical and lumbar degenerative disc disease. (Tr. 12-14, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of

the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14,

Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 14-16, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her

claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capaity to lift up to 10 pounds occasionally, less than 10 pounds frequently, stand and walk 2 hours in an 8 hour workday, sit 6 hours of an 8 hour workday as defined in 20 CFR §§ 404.1567(a) and 416.967(a) narrowed by the need for a sit/stand option at 2 hour intervals, occasional posturals, no climbing, no heavy machinery and should avoid moderate vibration and above.  The residual functional capacity is based on the evidence of record and testimony at the hearing.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was

unable to perform any of her PRW.  (Tr. 16, Finding 6).  The ALJ then determined whether a

hypothetical individual with Plaintiff's limitations retained the capacity to perform other work

existing in significant numbers in the national economy.  (Tr. 16-17, Finding 10).  The VE testified

at the administrative hearing regarding this issue.  (Tr. 16-17, 48-51).

Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform

representative occupations such as a sedentary cashier.  (Tr. 17).  Representative jobs in that

occupation include food checker (sedentary, semi-skilled); checker or cashier (sedentary, semi-

skilled); and general cashier (sedentary, semi-skilled) with 3,200 such jobs in the county, 43,300

such jobs in the region, and 433,000 such jobs in the United States.  (Tr. 17).  Because Plaintiff

retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under

a disability as defined in the Act from her alleged onset date or from June 30, 2007 through the date

of the ALJ's decision or through April 19, 2011.  (Tr. 17, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable

decision.  (Tr. 6).  On August 15, 2012, the Appeals Council declined to review this unfavorable

decision.  (Tr. 1-3).  On September 12, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The

Parties consented to the jurisdiction of this Court on September 27, 2012.  ECF No. 5.  The Parties

have filed appeal briefs.  ECF Nos. 8, 12.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**      **Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (1) the ALJ erred when he

failed to discuss Listings 1.02, 1.04, and 9.09; (2) the ALJ erred in failing to properly consider her pain; and (3) the ALJ erred in not presenting hypothetical questions to the VE.  ECF No. 8 at 1-20. Because the Court agrees with Plaintiff's argument that the ALJ improperly performed a *Polaski* evaluation, the Court will only address Plaintiff's second argument.

 In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 14-16). Instead of analyzing the *Polaski* factors and noting inconsistencies with Plaintiff's subjective complaints, the ALJ focused entirely upon Plaintiff's medical records and stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medially determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 15). Indeed, the entire RFC determination was based upon the ALJ's brief review of Plaintiff's medical records. (Tr. 14-16). Such a complete reliance upon Plaintiff's medical records in determining whether to accept Plaintiff's alleged limitations was in error. *See Polaski,* 739 F.2d at 1322.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]   A

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski.*  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

       **ENTERED this 18ᵗʰ day of July 2013.**

/s/   Barry A. Bryant      
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
